G-holson, J.
We see no reason to suppose, from anything contained in the statute of Illinois, upon which the action professes to be founded, that it was intended to operate beyond the limits of that state. General words in statutes must always be construed in view of the territorial limit to the powers of the legislature. The legislature of Illinois did not intend to provide as to acts of negligence not occurring in that state, and did not intend to impose a •trust or duty upon officers not appointed or acting under its laws. It is clear that an effort of the kind, had it been made, could have .availed nothing beyond the limits and jurisdiction of that state.
If the statute of Illinois can have any effect in this state it must 'be because the courts of this state adopt the rule it prescribes as proper to settle the rights of the parties. If a statute of Illinois, .■as to persons or property within its jurisdiction, imposes a trust or duty, or confers a right of *a civil nature, and its enforcement is sought in the courts of this state, there may be cases in which both justice and comity would forbid that any objection should be interposed. But the difficulty in this case proceeds from a mistaken assumption that because a statute of Illinois confers a right •of action, and imposes a trust upon an administrator under the laws of that state, that an administrator, appointed and acting under the laws of this state, may bring that action and perform •that trust.
We take it to be clear that no such right of action existed at common law. It is a right of action given by statute, not to the intestate, but to his personal representatives, not as general assets, 'but as a trust for the widow and next of kin, in respect of a pecuniary loss they are supposed to have sustained. There are serious •¡difficulties in allowing an Ohio administrator to undertake and *99 discharge such a trust conferred by the laws of another state. It would be difficult to maintain that, without legislation,- his oath or bond would extend to such a case. The jurisdiction of the court under which he acts, does not extend to trusts to be carried out in pursuance of the laws of other states, for it may well happen that the next of kin, under the law of Illinois, may not be the same persons, or take in the same proportion as- under the law of Ohio. -Certainly, to determine who are the cestui que trusts, the laws of Illinois must be regarded, and it is therefore the intention of the ¡statute of that state, that the tribunal tinder which the personal representative in whom the right of action is vested, and upon whom the trust is imposed, is acting, should administer the trust and distribute the fund among the proper parties. It is more than questionable whether, if an authority in another state should undertake to do so, it would be regarded as a bar to other proceedings in Illinois.
It may be questioned whether the petition goes quite far enough to make out an action under the statute of Illinois. There should probably be an averment that the %ct of negligence was such .as, under the laws of Illinois, would have given the intestate, had he survived the injury, a right of action. If the action be founded upon the laws of Illinois, any limitation imposed by those laws must be admitted; and it may happen that an injury of one of two persons engaged in a common employment, from an act of negligence on the part of the other, may be a ground for an action in Ohio and not in Illinois. It is well known that an exception has been admitted in such cases in Ohio that does not prevail in other ■states.
We do not undertake to decide whether an administrator, appointed under the law of Illinois, might or might not maintain such .an action, for the purpose of recovering the fund to be distributed under the law of Illinois. That case will present very different considerations from the present. We think there was no error, and affirm the judgment.
Brinkerhoee, C. J., and Scott, Sutliee, and Peck, JJ., concurred,'